*253 OPINION of the Court, by
Judge Owsuet.
Cad-walader Slaughter, in J une 1791, by a deed with a clause of special warranty against him and his heirs, conveyed to his son Francis two hundred acres of land in Jefferson county.
Some doubts having arisen as to the goodness of the title to part of the land, after the decease of the father, by an agreement between the said Francis and his brothers Presley and JÉdwaríj,Slaughter, the latter two exc- *254 citted all obligation binding themselves to pay the former f°r aU the land be might lose out of the tract conveyed to him by his father as aforesaid, three pounds per acre.
This oWiga-tioa was aflign. if t°hfhis'bUi faUegfng the father had ⅛ ^whoof^thé title* was had by fome means obtained ^pof-land™ whe'e! fore’the com-piainantis una-íoftoftheTand'; and therefore’ prays that the bf'made iwerabie on their underta-
that as no lófs w'as alleged, which would authonfe law^nThe ob. ligation, a court of equity dtfrgTthtfob0 ligors on their collateral un-dcrtakmg.
Subsequent to this Francis assigned the obligation £>iven Ws brothers to the appellant Cosby, who ex-hibited this bill in equity against the appellees-, alleging Cad walader, the father, when he conveyed to Francis, had no title to about thirty acres, part of the tract, and that owing to a certain James Sulivan, in whom he alleges the title to be, having by some means obtained the pos-sessi°n> !ie is unable by any legal means to evince the loss thereof, whereby to charge the appellees under their obligation in an action at law ; and asks the court to grant him relief inequity.
The answer of the appéllees admits the execution of the obligation to their brother, but deny they were un¿er ajly legal or moral obligation to do so ,• and contend as they are not liable at law, they ought not to he charged in equity.
The application of the appellant to a court of equity *s Plicated upon the supposition that no breach of the obligation given by the appellees has taken place : for if there has been a breach, as that would form exclu-sivelJ ⅛6 su^ject of an action at law, that remedy, and uot a suit in chancery, should have been resorted to for the purpose of obtaining relief. Assuming, then, that, there has been no breach of the obligation, we have no hesitation in affirming that the appellant has totally failed to manifest any right to relief in equity,
^s the object of the appellant’s bill is to charge tine aPpellees beyond what they would be at law, if relief is given it must be on account of some equitable liability resulting from circumstances extraneous the stipulations 0fthe obligation given by them. No such obligation is however shown to arise in the present case. It cannot arise from the consideration upon which the obligation was given, for the appellees deny any consideration to have been received, and none is proven by the evidence in the cause. It cannot arise from any liability which they are shown to be under as the devisees of their deceased father; because the father (although a defect of title to part of the land is admitted) is not even by the charges to the bill shown to have been accountable for the defied*, ency. He was certainly not accountable under his conveyance, inasmuch as it contains no warranty which *255 Can embrace such a case : and the bill contains n® suggestions by which he can have been accountable on the score of fraud.
As, therefore, the appellant has altogether failed to-manifest any equitable right against the appellees, the court below pi’operly dismissed his bill.
The decree must be affirmed with costs.